## PEOPLE v. TAYLOR.

### Cr. No. 869; June 12, 1902.

· 69 Pac. 292.

Larceny.—Evidence Examined, and Held to Sustain defendant's conviction for grand larceny.

Larceny—Evidence.—In a Prosecution for Grand Larceny of a watch, evidence that defendant,.within two minutes after he had been seen with the prosecutor, also had his cane, was admissible as tending to show that the parties were together, and not objectionable as tending to prove another crime.

Larceny—Evidence.—In a Prosecution for Grand Larceny, testimony by the officer arresting defendant that he had a conversation with a party who had seen defendant and the prosecutor together, even if material, was not prejudicial, the contents of the conversation not being given.

Larceny—Res Gestae.—In a prosecution for grand larceny of a watch, where a witness testified that, as he passed defendant and prosecutor, he noticed the prosecutor's watch and chain, and that two minutes later he saw defendant leave the prosecutor, his further testimony that he then noticed prosecutor's vest was unbuttoned, and the watch and chain gone, was admissible as part of the res gestae.

APPEAL from Superior Court, San Joaquin County; Edward I. Jones, Judge.

J. W. Taylor was convicted of grand larceny and appeals. Affirmed.

Jacobs & Flack for appellant; Tirey L. Ford, attorney general, and A. A. Moore, Jr., deputy attorney general, for the people.

CHIPMAN, C.—Defendant was convicted of the crime of grand larceny. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The complaining witness, an old man named Clark, resided at the state hospital, near Stockton. He came to that city on September 3, 1901, to view a circus parade. He wore a watch and chain at the time and carried a cane, and he testified that he looked at the watch at the hour of 10:30 A. M.

He went into a saloon at that time and had a drink, and thenceforward he knew nothing of what happened to him the remainder of that day. He recovered his senses the next morning, and found himself in jail, without his watch or chain. His cane, too, was gone. In the afternoon of September 3d the witness Gengo saw Clark and defendant walking past witness on Weber avenue, or, as witness described it, saw defendant dragging Clark along, arm in arm. Witness saw the chain of the watch hanging from Clark's vest as they passed, and noticed that Clark had a cane. Witness saw defendant brushing or rubbing Clark's vest as they passed, and heard defendant remark, "That's right, old man," or some such expression. Two or three minutes later, witness saw defendant returning from where Clark was left, and noticed that defendant had the cane carried by Clark. Almost immediately after defendant passed, witness called Officer McDiarmid, who followed defendant and took him into custody within a few minutes. On their way to the police office, defendant admitted having the watch, and attempted to bribe the officer to release him. On reaching the courthouse, McDiarmid turned defendant over to Officer Finnell to be searched. Finnell first asked defendant if he had the watch, and defendant denied having it. He then made a search, but failed to find anything; and, upon being assured by McDiarmid that the watch was somewhere on defendant's person, Finnell made further search, and found the watch and chain in an outside coat pocket, under a handkerchief. Defendant also had Clark's cane when arrested. Witness Gengo saw Clark immediately after defendant left Clark and passed witness with the cane, and he noticed then that Clark's vest was unbuttoned. There was no evidence introduced on behalf of defendant. Without stating further the evidence in the case, we think there was enough to warrant the jury in finding a verdict of guilty.

2. It is contended that it was error to admit evidence as to the cane, and in admitting the cane itself. It is true, as contended, there was no charge that defendant had stolen the cane. The purpose of proving its possession by defendant within two minutes after he was seen walking with Clark and when he was leaving Clark was as a circumstance showing that they were together, and not to prove the commission of

another crime. I suppose, if defendant had been seen wearing Clark's coat that he had on a minute or two before, it would have been admissible as tending to corroborate Gengo's testimony, and would also have tended to contradict defendant, who stated to the arresting officer that he did not know Clark. Defendant cites People v. Smith, 106 Cal. 73, 39 Pac. 40, holding that it is not admissible to prove other crimes than that with which the defendant is charged, and this may be conceded to be the rule. It cannot be reasonably supposed, however, that the jury regarded defendant's possession of the cane as evidence of his having committed another crime, and for that reason would the more likely believe he had committed the crime charged. As a circumstance closely connected in point of time with the parties and with the taking of the watch, it was admissible as showing the relation of the parties.

3. It is urged as error that the witness McDiarmid was permitted to testify that he had a conversation with the witness Gengo. The conversation was not asked for, nor was it narrated—any part of it. What Gengo told the officer, we do not know. All we know is that, immediately after Gengo saw defendant passing, he spoke to the officer, and the officer followed defendant and arrested him. We can discover no possible prejudice to defendant in this circumstance, nor can we see that it was error to show it. The jury must have supposed the officer got his cue somehow, and although it was, perhaps, immaterial how he got it, the evidence could not have affected the minds of the jury to defendant's prejudice.

4. It is urged as error that testimony was admitted to show the condition of Clark's vest after the alleged larceny took place, the defendant not being present at the time. Gengo testified that, as Clark and defendant passed him, he noticed the watch chain, and also noticed that Clark's vest was buttoned. Two minutes later he saw defendant going away from Clark, and he then noticed that Clark's vest was unbuttoned, and the watch and chain were gone. He had seen defendant with his hands on Clark's vest as he passed. These circumstances were all so nearly connected in point of time—practically simultaneous—that they were res gestae. The offense was committed on the person of Clark, and we think the condition of his vest, in which rested the watch,

was as admissible as his condition as to sobriety or insensibility to what was going on around him.

The judgment and order should be affirmed.

We concur: Cooper, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.